{¶ 28} Although no question is presented on defendant's guilt of causing the death of the victim, there is a question as to the degree of the offense. Because there is sufficient evidence to permit a reasonable trier of the fact to conclude that defendant acted in a "fit of sudden passion" in causing the death of the victim, the trial court erred in refusing to give an instruction on the offense of voluntary manslaughter. I would reverse the judgment of conviction of murder and remand the case to the trial court for a new trial. The majority concedes that the evidence was sufficient to require a charge upon the *Page 13 
offense of self-defense which was given. This does not preclude a charge upon voluntary manslaughter.
 {¶ 29} Although fear alone may not be insufficient to demonstrate the sudden passion necessary for involuntary manslaughter, the evidence herein demonstrates more than mere fear since there is evidence of repeated assaults upon defendant and he testified that he felt a mixture of anger, frustration, and fear and that "[i]t was just so many emotions, all snowballed into one. I never felt that like that before" as indicated in the majority opinion. He also testified that he first fired to scare the victim and then fired at the victim to stop the victim. Defendant also called the police and remained on the scene after the shooting.
 {¶ 30} Accordingly, I would sustain the single assignment of error and remand the case to the trial court for a new trial. *Page 1